**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5084**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

EZEQUIEL JAIMES-BUSTOS, a/k/a Ruben Fernandez-Salamancha,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00089-FDW-1)

Submitted:  December 23, 2009          Decided:  January 7, 2010

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without a plea agreement, Ezequiel Jaimes-Bustos pled guilty to reentering the United States after having been deported as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced him to forty-one months in prison. Jaimes-Bustos appeals.

Counsel filed an Anders[*] brief, in which he states that there are no meritorious grounds for appeal, but challenges the adequacy of the indictment in two regards. Jaimes-Bustos was advised of his right to file a pro se supplemental brief but he did not file one.

Counsel contends that Jaimes-Bustos' conviction should be vacated because the indictment failed to allege an essential element of his crime, namely that he was an "alien." By pleading guilty, Jaimes-Bustos waived any challenge to this non-jurisdictional alleged defect. Menna v. New York, 423 U.S. 61, 62 n.2 (1975); Tollett v. Henderson, 411 U.S. 258, 267 (1973); see United States v. Cotton, 535 U.S. 625, 630-31 (2002) (noting that defects in an indictment are not jurisdictional). In any event, this claim is without merit. See United States v. De La Pava, 268 F.3d 157, 160-62 (2d Cir. 2001) (finding that omission of the term "alien" did not render indictment charging

_____

[*] Anders v. California, 386 U.S. 738 (1967).

§ 1326 violation invalid; only an alien may be deported from United States and needs Attorney General's permission to reenter).

Section 1326 provides a two-year maximum sentence for any alien who illegally enters the United States after having been deported. 8 U.S.C. § 1326(a). If the alien's removal was subsequent to a conviction for an aggravated felony, the statutory maximum penalty increases to twenty years. Id. § 1326(b)(2). Counsel claims that Jaimes-Bustos' indictment was "fatally flawed" because it did not specify the aggravated felony upon which his sentence was enhanced under § 1326(b)(2). However, the Supreme Court has held that § 1326(b)(2) is a "penalty provision," not an element of the offense, and the underlying aggravated felony conviction need not be specified in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998); see also United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005) (holding that Almendarez-Torres was not overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000), or United States v. Booker, 543 U.S. 220 (2005)). Thus, we conclude that this argument is without merit.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Jaimes-Bustos' conviction and sentence. This court requires that counsel inform Jaimes-

3

Bustos, in writing, of the right to petition the Supreme Court of the United States for further review. If Jaimes-Bustos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jaimes-Bustos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>